# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-44V
(Unpublished)

```
* * * * * * * * * * * * * * * * * * * * * *   *
                                             *
                                             *
ENNIS H. PRATCHER,                           *
                                             *
                  Petitioner,                *    Special Master Katherine E. Oler
                                             *
v.                                           *    Filed: December 23, 2019
                                             *
SECRETARY OF HEALTH AND                      *
HUMAN SERVICES,                              *
                                             *    Petitioner's Motion for a Decision;
                  Respondent.                *    Dismissal of Petition; Vaccine Act.
                                             *
* * * * * * * * * * * * * * * * * * * * * *   *
```

*Kevin A. Mack,* Law Office of Kevin A. Mack, Tiffin, OH, for Petitioner.
*Voris E. Johnson*, U.S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION DISMISSING CASE FOR INSUFFICIENT PROOF[1]

On January 2, 2019, Ennis H. Pratcher ("Petitioner") filed[2] a petition for compensation under the National Vaccine Injury Compensation Program,[3] alleging that he suffered neck and shoulder pain as a result of the influenza ("flu") vaccination he received on September 1, 2018. ECF No. 1. Petitioner filed his statement of completion on October 8, 2019. ECF No. 30.

---

[1] Although this Decision has been formally designated "not to be published," it will nevertheless be posted on the Court of Federal Claims's website in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). **This means the ruling will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the Decision in its present form will be available. *Id.*

[2] The petition in this case was initially filed *pro se*. Mr. Kevin Mack filed a motion for substitution of counsel on May 23, 2019.

[3] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

On December 6, 2019, Respondent filed a motion for an order to show cause. Resp't's Mot., ECF No. 31.  Respondent stated that "the precise basis for [P]etitioner's claim is not entirely clear." *Id.* at 1.  Respondent concluded that he "has not identified any evidence to support a claim for compensation for either a Table injury or an off-Table injury." *Id.* at 3.

On December 11, 2019, I held a status conference with the parties via telephone to discuss Respondent's motion. ECF No. 32.  Mr. Mack indicated that after speaking with his client, it appeared Petitioner was seeking compensation for a work-related injury that occurred in 1974. *Id.*

Petitioner filed a motion for a decision dismissing his claim on December 23, 2019, indicating that "[a]n investigation of the facts and science supporting [Petitioner's] case has demonstrated to [Petitioner] that [he] will be unable to prove that he is entitled to compensation in the Vaccine Program." Pet'r's Mot. at 1, ECF No. 33.

To receive compensation under the Vaccine Program, a petitioner must prove either (1) that he suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to his vaccination, or (2) that he suffered an injury that was actually caused by a vaccine.  *See* §§ 13(a)(1)(A) and 11(c)(1).  Moreover, under the Vaccine Act, a petitioner may not receive a Vaccine Program award based solely on his claims alone.  Rather, the petition must be supported by either medical records or by the opinion of a competent medical expert.  § 13(a)(1).  In this case, however, there is insufficient evidence in the record for Petitioner to meet his burden of proof.  Petitioner's claim therefore cannot succeed and, in accordance with his motion, must be dismissed.  § 11(c)(1)(A).

**Thus, this case is DISMISSED for insufficient proof.  The Clerk shall enter judgment accordingly.**

**IT IS SO ORDERED.**

<u>s/ Katherine E. Oler</u>
Katherine E. Oler
Special Master