# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-44V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |
| ENNIS H. PRATCHER, | * | TO BE PUBLISHED |
| | * | |
| Petitioner, | * | Special Master Katherine E. Oler |
| | * | |
| v. | * | Filed: August 25, 2020 |
| | * | |
| SECRETARY OF HEALTH AND | * | |
| HUMAN SERVICES, | * | Attorneys' Fees & Costs; |
| | * | Reasonable Basis |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | * | |

*Kevin A. Mack*, Law Office of Kevin A. Mack, Tiffin OH, for Petitioner.
*Voris E. Johnson*, U.S. Department of Justice, Washington, D.C., for Respondent.

## DECISION ON MOTION FOR FINAL ATTORNEYS' FEES AND COSTS[1]

On January 2, 2019, Ennis Pratcher ("Petitioner")[2] filed a petition[3] seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program")[4] alleging that he suffered from "marks on shoulder, pain in neck and shoulder." Pet. at 2, ECF No. 1. No specific vaccine or vaccination date was alleged. *See generally id.* For the reasons set forth below,

---

[1] This Decision will be posted on the Court of Federal Claims' website. **This means the Decision will be available to anyone with access to the internet**. As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). If, upon review, I agree that the identified materials fit within this definition, I will redact such material from public access. Otherwise, the Decision in its present form will be available. *Id.*

[2] At the time, Petitioner was acting *pro se*. Petitioner retained counsel on May 23, 2019.

[3] The Petition was filed as a complaint against the Department of Veterans Affairs. No Amended Petition was ever filed.

[4] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

I find that Petitioner did not have a reasonable basis to file the petition.  Therefore, his motion for attorneys' fees and costs is denied.

### I. Procedural History

On May 23, 2019, Petitioner retained counsel.  *See* Motion to Substitute Attorney, ECF No. 18 (May 16, 2019).  On September 9, 2019, Petitioner filed an immunization report (Ex. 1), a VAERS Report (Ex. 2), and medical records (Exs. 3 - 6), ECF Nos. 28-29.  On October 8, 2019, Petitioner filed a statement of completion.  ECF No. 30.

On December 6, 2019, Respondent filed a Motion for an Order to Show Cause.  ECF No. 31.  In that motion, Respondent stated that he "has not identified any evidence to support a claim for compensation for either a Table injury or an off-Table injury."  *Id.* at 3.  On December 11, 2019, I held a status conference in this case.  *See* Scheduling Order of December 11, 2019, ECF No. 32.  During this status conference, I asked Mr. Mack for his position regarding Respondent's motion.  Mr. Mack indicated that "after speaking with his client, it appears that Petitioner is seeking compensation for a work-related injury that occurred in 1974.  Mr. Mack did state that Petitioner had an itching sensation in his right arm following a September 2018 flu vaccination, however he has not received, nor is currently receiving, any treatment for a vaccine-related injury."  *Id.*  As the injuries contemplated by Petitioner did not involve the Vaccine Program, Mr. Mack requested 30 days to file a motion for a decision dismissing the petition.  *Id.*  I granted that request.  *Id.*

Petitioner filed a Motion for a Dismissal Decision on December 23, 2019.  ECF No. 33.  On the same day, I issued a decision dismissing the Petition for insufficient proof.  ECF No. 34.

On December 31, 2019, Petitioner filed the instant motion for attorneys' fees and costs, requesting a total of $8,009.82.  Fees App. at 1, ECF No. 35.  Petitioner requested $7,540.00 in fees and $469.82 in costs.  *Id.* at 3.  Respondent submitted his response in opposition to Petitioner's motion on January 10, 2020.  Fees Resp., ECF No. 36.  On January 29, 2020, Petitioner filed a reply.  Fees Reply, ECF No. 38.

### II. Medical Record Evidence

Petitioner filed a document entitled "immunization report", a printout from the VA Ann Arbor Healthcare System.  This document indicates that Petitioner received the following vaccines: Prevnar, October 15, 2018; Tdap, October 15, 2018; flu, September 27, 2018; Zoster, September 27, 2018;[5] flu, October 3, 2017; and flu, October 11, 2016.  *See* Ex. 1.  Each vaccine has a space to annotate any "reaction described".  There is no documented reaction to any of these vaccines.  *See id.*

The non-VA medical records filed in this case indicate that Petitioner received influenza vaccinations on October 11, 2014 (Ex. 4-6 at 19), October 15, 2016 (Ex. 3-1 at 79), and March 3, 2017 (Ex. 5 at 49-50), a Prevnar-13 vaccine on March 17, 2017 (Ex. 4-6 at 19), and a Tdap vaccine

---

[5] The shingles vaccine is not a covered vaccine.

on June 28, 2019 (Ex. 4-6 at 30).[6]  No reactions to any of the vaccines are noted in the medical records.

The medical history notes several instances when Petitioner was treated for neck or shoulder pain.  On October 27, 2015, Petitioner presented with shoulder pain and chest pain that had lasted "4 to 5 months."  Ex. 3 at 9.  In the HPI section of the record, Dr. Donald Weathers did not mention shoulder pain, and only noted "right anterior chest pain" that "has been present, though intermittent for 20 years."  Id. at 10.  The pain was "essentially subsided" during a visit on November 10, 2015.  Id. at 25.

On March 16, 2016, Petitioner was evaluated for "pain under his left arm."  Ex. 3 at 40-41.  Petitioner stated that it felt "like a ball."  Ex. 3 at 32. No further information on this pain is discussed in the record.

On April 3, 2017, Petitioner was seen for neck and left shoulder pain.  Ex. 5 at 74-75.  The pain was described as chronic with no acute changes.  Id. at 75.

On June 26, 2017, Petitioner presented to the emergency department at Mercy Health for bilateral neck and shoulder stiffness that had been present "on and off for a while."  Ex. 4 at 45.  Petitioner indicated that there was pain when he moved his neck.  Id.  The record reflects that there is not any known injury, and that the stiffness and pain improved.  Id. at 45, 48.  The final impression upon discharge was "bilateral shoulder pain, unspecified chronicity."  Id. at 49.

The medical records also indicate that Petitioner was involved in an automobile accident on October 24, 2018 and complained of neck pain and right shoulder pain.  Ex. 4-5 at 42, 46.  He was diagnosed with a likely muscle strain.  Id. at 51.

On July 1, 2019, the medical records indicate that Petitioner suffered musculoskeletal injuries to his right shoulder after a fall on the stairs.  Ex. 3-3 at 82, 84.

None of the medical records include any discussion or annotation involving adverse effects from one of Petitioner's vaccines.

### III. Parties' Arguments

In his response to Petitioner's motion for attorneys' fees and costs, Respondent argues that the petition lacked reasonable basis.  Respondent claims that "Petitioner has failed to establish a reasonable basis for his claim and is thus not entitled to an award of attorneys' fees and costs."

---

[6] These records are inconsistent with the VAERS report (Ex. 2) that Petitioner filed, the immunization report (Ex. 1) and the other medical records from the VA Ann Arbor Healthcare System.  Petitioner's VAERS report, which he completed on October 8, 2018, indicates that Petitioner received a pneumococcal vaccine on March 15, 2018, a flu vaccine on September 1, 2018 and a tetanus vaccine on July 15 (year unclear).  Ex. 2 at 1.  The report describes Petitioner's adverse event as "itch on arm."  Id.  This is inconsistent with the petition, which states Petitioner suffered from "marks on shoulder, pain in neck and shoulder."

3

Fees Resp. at 6.  Respondent also states that "When Petitioner's counsel agreed to represent Petitioner in this matter, he assumed the risk that the claim lacked a reasonable basis." *Id.* at 7.

In his reply, Petitioner's counsel states that "I believe it to be patently unfair for the Respondent to object to attorney fees in this case as I did not bring the original claim, I was asked to come in to assist the Petitioner at the direction of the Special Master to the Petitioner.  I had no opportunity to do any due diligence prior to making an appearance and was requested to pay the appropriate filing fee and present the medical evidence as soon as practicable."  Fees Reply at 2.

### IV. Legal Standard

Under the Vaccine Act, an award of reasonable attorneys' fees and costs is presumed where a petition for compensation is granted.  Where compensation is denied, or a petition is dismissed, as it was in this case, the special master must determine whether the petition was brought in good faith and whether the claim had a reasonable basis. § 15(e)(1).

#### A. Good Faith

The good faith requirement is met through a subjective inquiry. *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277V, 1993 WL 496981, at *1 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). Such a requirement is a "subjective standard that focuses upon whether [P]etitioner honestly believed he had a legitimate claim for compensation." *Turner v. Sec'y of Health & Human Servs.*, No. 99-544V, 2007 WL 4410030, at *5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007).  Without evidence of bad faith, "petitioners are entitled to a presumption of good faith." *Grice v. Sec'y of Health & Human Servs.*, 36 Fed. Cl. 114, 121 (1996).  Thus, so long as Petitioner had an honest belief that his claim could succeed, the good faith requirement is satisfied. *See Riley v. Sec'y of Health & Human Servs.*, No. 09-276V, 2011 WL 2036976, at *2 (Fed. Cl. Spec. Mstr. Apr. 29, 2011) (citing *Di Roma*, 1993 WL 496981, at *1); *Turner*, 2007 WL 4410030, at *5.

#### B. Reasonable Basis

Unlike the good-faith inquiry, an analysis of reasonable basis requires more than just a petitioner's belief in his claim. *Turner*, 2007 WL 4410030, at *6-7.  Instead, the claim must at least be supported by objective evidence -- medical records or medical opinion. *Sharp-Roundtree v. Sec'y of Health & Human Servs.*, No. 14-804V, 2015 WL 12600336, at *3 (Fed. Cl. Spec. Mstr. Nov. 3, 2015).

While the statute does not define the quantum of proof needed to establish reasonable basis, it is "something less than the preponderant evidence ultimately required to prevail on one's vaccine-injury claim." *Chuisano v. United States,* 116 Fed. Cl. 276, 283 (2014).  The Court of Federal Claims affirmed in *Chuisano* that "[a]t the most basic level, a petitioner who submits no evidence would not be found to have reasonable basis…." *Id.* at 286.  The Court in *Chuisano* found that a petition which relies on temporal proximity and a petitioner's affidavit is not sufficient to establish reasonable basis. *Id.* at 290. *See also Turpin v. Sec'y Health & Human Servs.*, No. 99-564V, 2005 WL 1026714, *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005) (finding no reasonable basis when petitioner submitted an affidavit and no other records); *Brown v. Sec'y Health & Human*

*Servs.*, No. 99-539V, 2005 WL 1026713, *2 (Fed. Cl. Spec. Mstr. Mar. 11, 2005) (finding no reasonable basis when petitioner presented only e-mails between her and her attorney). The Federal Circuit has affirmed that "more than a mere scintilla but less than a preponderance of proof could provide sufficient grounds for a special master to find reasonable basis." *Cottingham v. Sec'y of Health & Human Servs.*, No. 2019-1596, 2020 WL 4810095 at *5 (Fed. Cir. Aug. 19, 2020) (finding Petitioner submitted objective evidence supporting causation when she submitted medical records and a vaccine package insert).

Temporal proximity between vaccination and onset of symptoms is a necessary component in establishing causation in non-Table cases, but without more, temporal proximity alone "fails to establish a reasonable basis for a vaccine claim." *Chuisano*, 116 Fed. Cl. at 291.

The Federal Circuit has stated that reasonable basis "is an objective inquiry" and concluded that "counsel may not use [an] impending statute of limitations deadline to establish a reasonable basis for [appellant's] claim." *Simmons v. Sec'y of Health & Human Servs.*, 875 F.3d 632, 636 (Fed. Cir. 2017). Further, an impending statute of limitations should not even be one of several factors the special master considers in her reasonable basis analysis. "[T]he Federal Circuit forbade, altogether, the consideration of statutory limitations deadlines—and all conduct of counsel—in determining whether there was a reasonable basis for a claim." *Amankwaa v. Sec'y of Health & Human Servs.*, 138 Fed. Cl. 282, 289 (2018). Objective medical evidence, including medical records, can constitute evidence of causation supporting a reasonable basis. *Cottingham*, 2020 WL 4810095 at *7.

"[I]n deciding reasonable basis the [s]pecial [m]aster needs to focus on the requirements for a petition under the Vaccine Act to determine if the elements have been asserted with sufficient evidence to make a feasible claim for recovery." *Santacroce v. Sec'y of Health & Human Servs.*, No. 15-555V, 2018 WL 405121, at *7 (Fed. Cl. Jan. 5, 2018). Special masters cannot award compensation "based on the claims of petitioner alone, unsubstantiated by medical records or by medical opinion." 42 U.S.C. § 300aa-13(a)(1). Special masters and judges of the Court of Federal Claims have interpreted this provision to mean that petitioners must submit medical records or expert medical opinion in support of causation-in-fact claims. *See Waterman v. Sec'y of Health & Human Servs.,* 123 Fed. Cl. 564, 574 (2015) (citing *Dickerson v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 593, 599 (1996) (stating that medical opinion evidence is required to support an on-Table theory where medical records fail to establish a Table injury)).

When determining if a reasonable basis exists, many special masters and judges consider a myriad of factors. It is appropriate to analyze reasonable basis through a totality of the circumstances test that focuses on objective evidence. *Cottingham,* 2020 WL 4810095 at *4. The factors to be considered may include "the factual basis of the claim, the medical and scientific support for the claim, the novelty of the vaccine, and the novelty of the theory of causation." *Amankwaa*, 138 Fed. Cl. at 289. This approach allows the special master to look at each application for attorneys' fees and costs on a case-by-case basis. *Hamrick v. Sec'y of Health & Human Servs.*, No. 99-683V, 2007 WL 4793152, at *4 (Fed. Cl. Spec. Mstr. Nov. 19, 2007).

### V.  Discussion

#### A. Good Faith

Petitioners are entitled to a presumption of good faith.  *See Grice*, 36 Fed. Cl. 114 at 121. Respondent has not raised an issue with respect to good faith in this matter.  *See* Fees Resp.  Based on my own review of the case, I find that Petitioner acted in good faith when filing this petition.

#### B. Reasonable Basis for the Claims in the Petition

The reasonable basis standard is objective and requires Petitioner to submit evidence in support of the petition.  The petition in this case alleges that Petitioner suffered from "marks on shoulder, pain in neck and shoulder" without reference to a specific vaccine.  Pet. at 1.

**Petitioner has not Presented Evidence of Causation**

The special master's analysis of reasonable basis should center around "an objective evaluation of the relevant medical information that served as the basis for petitioner's claim." *Frantz v. Sec'y of Health & Human Servs.*, 2019 WL 6974431 (Fed. Cl. 2019) (denying motion for review); *Cottingham*, 2020 WL 4810095, at *4 ("Reasonable basis…is an objective test, satisfied through objective evidence.").  An examination of the relevant medical information demonstrates that Petitioner has not presented objective evidence in the form of medical records or medical opinion that a vaccine caused his injuries.

As an initial matter, it is unclear which vaccine Petitioner alleges as causal.  The Petition does not so indicate, and no amended petition was filed.  The immunization record and the medical records provide different dates for the immunizations that Petitioner received.

None of Petitioner's medical records support his claim that a vaccine caused his injuries. *See* Exs. 2-6.  The medical records do not articulate a correlation between any of Petitioner's vaccinations and his conditions.  Further, Petitioner did not file an expert report articulating how any vaccine he received caused any type of injury.

Because there are no medical records, expert opinions, or other objective evidence linking a vaccine Petitioner received to any injury he sustained, Petitioner has not presented evidence in support of a vaccine injury.  Such evidence is required to establish reasonable basis.  *See* 42 U.S.C. § 300aa-15(e)(1); *Chuisano*, 116 Fed. Cl. at 286 ("Reasonable basis is a standard that petitioners at least generally meet by submitting evidence."); *Cottingham*, 2020 WL 4810095, at *5 (A Petitioner "must point to evidence of a causal relationship between the administration of the vaccine and her injuries in order to establish that a reasonable basis for the claim existed….").

Of note, during the December 11, 2019 Status Conference, Mr. Mack indicated that Petitioner was seeking compensation for a worker's compensation claim based on an injury that occurred in 1974, not a vaccine injury.  Scheduling Order of Dec. 11, 2019, ECF No. 32.

Although Petitioner's attorney states that he was "asked to come in to assist the Petitioner at the direction of the Special Master" (Fees Reply at 2), this misstates the nature of the Vaccine

6

Program.  Special masters routinely encourage *pro se* petitioners to seek representation in order to help facilitate the litigation of their claim.  These conversations between special masters and *pro se* petitioners often take place before any medical records or other evidence has been filed, and do not reflect the special master's view that the claim possesses a reasonable basis.  Lawyers are not appointed in the Program, they are hired and retained by Petitioners.  It was counsel's obligation to make fundamental inquiries to ensure that the claim was supported by reasonable basis.  *See Brannigan v. Sec'y of Health & Human Servs.*, 2016 U.S. Claims LEXIS 946 at *18 (Fed. Cl. Spec. Mstr. June 17, 2016) (finding that "[t]ypically, reasonable basis is not found when fundamental inquiries are not made.").

While I am cognizant that counsel helped resolve the claim in a prompt manner, the legal standard I must apply does not permit an award of fees and costs in this case. *Cottingham*, 2020 WL 4810095, at *7 (stating that evidence of attorney conduct has no bearing on the reasonable basis analysis); *see also Simmons*, 875 F.3d at 636. The objective evidence in the record does not establish a reasonable basis for bringing this Petition.

## VI.     Conclusion

Based on the foregoing, Petitioner's Motion for Attorneys' Fees and Costs is **DENIED**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court SHALL ENTER JUDGMENT in accordance with this decision.[7]

**IT IS SO ORDERED.**

**s/ Katherine E. Oler**
Katherine E. Oler
Special Master

---

[7] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.